IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ZACHERY BOUVIER TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  3:03cv930-F |
| ) | WO |
| DENNIS HARRELL, *et al*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The complaint in this case alleges that two officers of the Opelika Police Department falsely arrested and imprisoned the plaintiff as well as used excessive force during the arrest. Pursuant to the order of this court in *Taylor v. State of Alabama*, 3:02cv1068-A, the Magistrate Judge is required to review this complaint to determine its legal sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Magistrate Judge is unable to conduct the requisite review because the complaint is in derogation of this circuit's rule which imposes a heightened pleading requirement on the plaintiff's complaint against defendants who are entitled to raise a qualified immunity defense.  *Swann v. Southern Health Partners, Inc.*, 388 F.3d 834 (11th Cir. 2004); *GJR Inv., v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998); *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992) (holding that this standard requires a complaint provide "some factual detail . . . especially if we are able to see that the allegedly violated right was clearly established when the allegedly wrongful acts occurred.").  This pleading requirement is especially applicable here where

the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii) mandate that the court "shall dismiss" a case which seeks monetary relief against a defendant who is immune from such relief.

The two individual police officers are entitled to raise the immunity defense. The plaintiff provides the court no underlying facts supporting his claims. Instead, the plaintiff makes only conclusory allegations that the defendants' actions violated the plaintiff's rights. In the absence of a more complete statement of the underlying facts, the court is unable to perform its review functions. Accordingly, it is

ORDERED that on or before May 3, 2005, the plaintiff shall file an amended complaint which sets forth completely the underlying facts of the original allegations of his complaint against Officers Harrell and Smith. The court will not allow any new allegations. The plaintiff is specifically warned that if he fails to comply with this order, the court will dismiss his complaint without further notice.

Done this 19th day of April, 2005.

                                              /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE