IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ZACHERY BOUVIER TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  3:03-CV-930-A |
| | ) | |
| DENNIS HARRELL, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this case, the plaintiff's complaint asserts that the court has jurisdiction pursuant

to both its federal and diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332.  The defendants

are Dennis Harrell, Jackie Smith and the Opelika Police Department.  The original

complaint alleged that the two officers violated the plaintiff's constitutional rights in

several ways including the use of excessive force and a racially motivated arrest.

However, the complaint is in derogation of this circuit's heightened pleading rule[1] because

it made only conclusory allegations and did not provide the court with any factual detail.

Consequently, on February 23, 2005, the court entered an order explaining to the

plaintiff the heightened pleading requirement's mandate for factual detail and affording the

---

[1]The heightened pleading requirement is applicable when claim are raised against defendants who are entitled to raise a qualified immunity defense. *Swann v. SouthernHealth Partners, Inc.*, 388 F.3d 834 (11th Cir. 2004); *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998); *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992) (holding that this standard requires a complaint provide "some factual detail . . . especially if we are to be able to see that the allegedly violated right was clearly established when the allegedly wrongful acts occurred.").  This pleading requirement is especially applicable here where the provisions of 28 U.S.C. §1915(e)(2)(B)(iii) mandate that the court "shall dismiss" a case which seeks monetary relief against a defendant who is immune from such relief.  The two police officers are entitled to qualified immunity.

plaintiff the opportunity to file an amended, conforming complaint.[2]

The plaintiff has filed an amended complaint which, however, does not comport with the court's order.  First, the pleading asks the court to dismiss criminal charges against him and to grant habeas relief for prior convictions.  Second, it recites some rather bizarre factual allegations about the events which led to the arrest about which he now complains.

> Zachary Bouvier Taylor, as an agent of the United States Government, was on official government business, when communist, subversive, bigoted, un-Americans . . . accosted, affronted, and threatened him.

He then complains that employees of a Texaco station refused to call "law enforcement agencies when these people accosted him by engaging "in violation of . . . [his] personal space."  Taylor then alleges that the Texaco employees infringed upon his rights under the "Right of Access Act of 1980."[3]

> Employees and customers have a right to their religious practices in the workplace as long as it is in accordance with "reasonable" accommodations.  Zachary Bouvier Taylor has faced the spirit of opposition perhaps of the calling that God has on his life.  Mr. Taylor suffered from satan, ultraliberal patrons and employees of the Texaco Station . . . Attacks on Zachary Bouvier Taylor are persecution of the messenger of God.  Forces of evil, and the devil have tried to block Mr. Taylor as he spreads the gospel.

The next several paragraphs of the pleading are a recitation of the history of John Wesley, the founder of the Methodist Church.  After recounting some more of his personal

---

[2]The last paragraph of the order reads, "that on or before March 9, 2005, the plaintiff shall file an amended complaint which sets forth completely the underlying facts of the original allegations of his complaint against Officers Harrell and Smith. The court will not allow any new allegations. The plaintiff is warned that if he fails to comply with this order, the court will dismiss his complaint without further notice."

[3]The court assumes the plaintiff is referring to the Equal Access Act, 20 U.S.C. § 4071 *et. seq*.

history, Taylor then asks the court to insure that one of the patrons of the Texaco station is criminally prosecuted for the actions he took against Taylor.  The court will not belabor this explanation and continue with further exegesis of the plaintiff's pleading.  It provides not one fact about his claims and when it does mention them, does so only in the most conclusory fashion.

Dismissal of a complaint for failure to comply with the heightened pleading requirement should be a rare event and should be done only when no other, lesser remedy is appropriate.  But here, there is an equally compelling reason for dismissal.  Taylor was not a prisoner at the time he filed this lawsuit.  Nonetheless, the provisions of 28 U.S.C. § 1915(a) apply, *see Floyd v. United States Postal Serv.*, 105 F.3d 274, 275 (6th Cir.1997)("Despite the use of the term 'prisoner possesses,' we conclude that a typographical error in the final version of the statute occurred and that Congress actually intended the phrase to be 'person possesses.' "), including the provisions of 1915(e)(2).  *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (Applying § 1915(e)(2) to non-prisoners so long as the litigant is allowed the opportunity to amend).

A district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989).  Section 1915(e)(2) further authorizes the court to dismiss cases against defendants who are immune or when the action is frivolous.  A lawsuit is frivolous if the

"plaintiff's realistic chances of ultimate success are slight."  *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990).  As part of the process of making the determination called for by § 1915(e)(2), the trial court determines "whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong."  *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987).  Furthermore, "if a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has concluded a 'sufficient inquiry' to determine whether the plaintiff's realistic chances of ultimate success are slight."  *Moreland*, 899 F.2d at 1169-70. . . . That the complaint states a cause of action does not mean that the action cannot be frivolous for the purposes of a section 1915(d) dismissal.  *Menendez*, 817 F.2d at 739-40 (IFP complaint that states claim under Rule 12(b)(6) may nevertheless be dismissed if court becomes convinced that case is frivolous).

After careful consideration of the complaint and the amended pleading which Taylor filed pursuant to the court's pursuit of the requisite "sufficient inquiry", the court concludes that Taylor's complaint should be dismissed because there is no likelihood of his success on the merits against the two police officers who are entitled to qualified immunity.  In reaching this conclusion, the court does not write on a clean slate regarding this plaintiff.  In *Taylor v. State of Alabama*, 3:02cv1068-A, the court was compelled to enter an order restricting the plaintiff's further unfettered access to this court precisely because of his abuse of his right of access to the court.  The final order entered in that case imposed stringent requirements on the plaintiff and provided for an initial review of all his

4

complaints by a judge of the court. Unfortunately, this case was filed prior to the imposition of those standards on the plaintiff. Even so, it is apparent to the court that Taylor's allegations in the instant case have no basis in legitimate fact and that they principally are the product of a disturbed mind.

With respect to the Opelika Police Department, the complaint must be dismissed because the Department is not a person within the meaning of 42 U.S.C. § 1983. *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992). And, with regard to any possible state law claims, the court should decline to address those claims because it has dismissed all of the federal claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, it is the

RECOMMENDATION of the Magistrate Judge as follows:

1. That all of the plaintiff's federal claims be dismissed.

2. That all of the plaintiff's state law claims be dismissed without prejudice.

3. That the costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before June 6, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in

the Magistrate Judge's report shall bar the party from a *de novo* determination by the

District Court of issues covered in the report and shall bar the party from attacking on

appeal factual findings in the report accepted or adopted by the District Court except upon

grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also*

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding

precedent all of the decisions of the former Fifth Circuit handed down prior to the close of

business on September 30, 1981.

Done this 23rd day of May, 2005.


     /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE